UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tyreece D. Pitts,

                    Petitioner,             Case No. 5:21-cv-11558
                                                   Hon. Judith E. Levy

v.

Melinda Braman,

                    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT [17]**

The Court denied Petitioner Tyreece D. Pitts' petition for writ of habeas corpus filed under 28 U.S.C. § 2254 because his claims lacked merit. (ECF No. 12.) Before the Court is Pitts' motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b)(1) and (4). (ECF No. 17.) The motion is denied because Pitts does not show entitlement to relief.

Rule 60(b)(4) provides for relief from judgment if "the judgment is void." The rule applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be

heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Pitts does not explain how the Court lacked jurisdiction or committed a due process violation when it denied his petition for a writ of habeas corpus. Thus, Pitts fails to show entitlement to relief under Rule 60(b)(4).

Pitts also argues that Rule 60(b)(1) is applicable here. Rule 60(b)(1) authorizes a court to grant relief from a final judgment based upon, among other things, a "mistake," which includes "mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). The rule applies to an argument that the Court failed to consider all of a party's claims. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

As best as the Court can determine, Pitts asserts that he is entitled to relief on the following grounds: (1) he was not given the opportunity to file objections to a report and recommendation issued by a Magistrate Judge because a report and recommendation was not filed (ECF No. 17, PageID.1763–1764), (2) the Court erred in denying his previous motion to alter or amend judgment (*id.* at PageID.1765), (3) his trial counsel had a conflict of interest because he was employed by the same firm as his prior discharged counsel (*id.* at PageID.1767), (4) the prosecutor and trial

2

judge were involved in one of Pitts' prior cases (*id.* at PageID.1771), (5) the evidence presented at trial was insufficient (*id.*), and (6) the prosecutor improperly elicited false testimony at trial. (*Id.* at PageID.1773–1774.)

Regarding Pitts' argument related to a report and recommendation, he is correct that a report and recommendation was not filed in his case. (*See id.* at PageID.1764 ("Movant Pitts was not Awarded that opportunity to Objection [*sic*] due to no report and recommendation being filed . . . .").) However, there is no requirement that the Court refer cases to a Magistrate Judge for a report and recommendation. Thus, this argument is insufficient for a showing under Rule 60(b)(1) or (4).

Regarding Pitts' other arguments, the Court notes that Pitts' habeas petition was difficult to understand and the Court was required to do a fair bit of interpretation to determine what claims he was raising. (*See* ECF No. 12, PageID.1647–1651.) And similar to his habeas petition, Pitts' current motion mostly consists of disjointed statements of legal concepts unrelated to his claims that are interspersed with references to some of the events of his trial that he asserts form a basis for habeas relief.

The Court considered and rejected these arguments in the opinion denying the habeas petition. (*See* ECF No. 12, PageID.1671–1673 (conflict of interest); *id.* at PageID.1676–1679 (involvement of trial court in prior case); *id.* at PageID.1653–1661 (sufficiency of the evidence), and PageID.1664–1667 (presentation of false testimony).) The Court therefore did not fail to consider any of Pitts' claims.[1]

Nor may Pitts demonstrate entitlement to relief from judgment by simply restating the claims he already raised in his petition. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). A habeas petitioner "may not raise arguments during [his] first federal habeas proceeding, lose those arguments . . . , then raise the same arguments based on the same evidence in a Rule 60(b) motion." *Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

Accordingly, the Court DENIES Pitts' motion for relief from judgment. (ECF No. 17.)

IT IS SO ORDERED.

---

[1] Pitts also argues that the Court's order denying his previous motion to alter or amend judgment was wrongly decided. (ECF No. 17, PageID.1765.) But, as set forth above, Pitts has not demonstrated grounds for relief.

Dated: May 13, 2026       s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 13, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

5